CITIZENS' STATE BANK OF GARDEN CITY, Plaintiff, v. SMITH, Superintendent of Banks, Defendant.

(210 N. W. 990.)

(File No. 6352.    Opinion filed December 6, 1926.).

1.  **Banks and Banking—Statute Relating to State Bank's Release from Proportion of Indebtedness of Depositors' Guaranty Fund Does Not Require Pro Rata of Total Indebtedness on Nationalization (Rev. Code 1919, § 9030).**

    Rev. Code 1919, § 9030, providing no state bank shall be released from its proportion of outstanding certificates of indebtedness of depositors' guaranty fund issued to depositors of failed banks, held not to create liability on state bank desiring to nationalize to pay pro rata share of total indebtedness of guaranty fund, in view of sections 9010, 9011, basing liability of state bank as going concern to guaranty fund on its average daily deposits.

2.  **Banks and Banking—State Bank Could Compel Superintendent's Consent to Reorganization as National Bank on Paying Current Assessments to Guaranty Fund Commission (Rev. Code 1919, §§ 8972, 9010, 9011, 9030).**

    State bank, desiring to reorganize as national bank under Rev. Code 1919, § 8972, could require state superintendent to consent to nationalization on payment of assessments for past years, levied by depositors' guaranty fund commission and tender of assessment for current year, such bank not being liable for future assessments under section 9030, providing for payment of proper proportions of indebtedness, and under sections 9010, 9011, providing assessments shall be made on average daily deposits of state banks.

Note.--See, Headnote **(1)** and **(2)**, American Key-Numbered Digest, Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno.).

Original proceeding in mandamus by the Citizens' State Bank of Garden City against F. R. Smith, as State Superintendent of Banks, to require defendant's consent to plaintiff's reorganization as a national bank. Defendant demurred and moved to quash the writ. Demurrer and motion overruled, with leave to answer.

*Mather & Stover* and *F. B. Stiles,* all of Watertown, for Plaintiff.

*Buell F. Jones,* Attorney General, and *Roy E. Willy,* of Platte, for Defendant.

GATES, P. J.   Plaintiff is a banking institution organized under the laws of this state and is operating under the provisions of the depositors' guaranty fund.   It desires to reorganize as a national bank, and has complied with all federal regulations incident thereto, except that it has not received the consent of the superintendent of banks of this state, hereinafter called the superintendent.

Application has been made to this court for a writ of mandamus to compel the superintendent to give his consent to the change.   An alternative writ of mandamus has been issued, to which the superintendent has made return by demurrer and motion to quash, upon the ground that it appears that there are outstanding and unpaid certificates of indebtedness issued by the depositors' guaranty fund commission, amounting approximately to the sum of $43,000,000; that the plaintiff bank's pro rata share of such liability, if computed according to the present number of operating state banks and their present respective deposits, is approximately $72,584; that no provision has been made to secure the payment of such liability; and that, until such provision is made, it is the legal duty of the superintendent, pursuant to section 9030, Rev. Code 1919, to withhold permission to plaintiff to become a national bank.   It is conceded that plaintiff has paid its assessment for the use of the depositors' guaranty fund commission made February 1, 1926, for the year 1925, and has tendered to the superintendent a sum sufficient to equal the assessment that will be made February 1, 1927, for the year 1926, so that the only contention between the parties is as to the liability of plaintiff to an assessment to be made in 1928 and subsequent years, until the certificates of indebtedness issued by the depositors' guaranty fund commission are extinguished.   Said section 9030 reads as follows (italics ours) :

"*Assessments Refunded.*   If any bank organized under the laws of this state, having paid any assessment or assessments to the depositors' guaranty fund. shall liquidate and go out of busi-

ness, or shall desire to organize as a national bank and withdraw from the protection of such guaranty fund, the portion of such assessment or assessments which shall not have been used under the provisions of this chapter shall be refunded to such bank by the depositors' guaranty fund commission; *provided, that no such bank shall be released from its proper proportion of all outstanding certificates of indebtedness of the depositors' guaranty fund, issued to the depositors of failed banks,* nor until it shall have received permission in writing so to do from the superintendent of banks after an examination of its condition."

[1] This section does not ,and does not purport to, create a liability. It merely says that the bank shall not be released from its proper proportion of outstanding certificates of debt. It does not say that such proportion is a pro rata proportion. It does not define what that proportion is. So that we must have recourse to other sections of statute to determine the amount of the liability of plaintiff under the circumstances. Section 8972, Rev. Code 1919, provides for the change from a state bank to a national bank. and is as follows:

*"When Organized as National Banks.* Any bank organized under this chapter may reorganize under the laws of the United States as a national bank. As soon as such bank shall have obtained the certificate from the. Comptroller of the Currency, authorizing it to commence business under the .United States banking law, such reorganized bank shall take and hold all the assets, real and personal, of such bank organized under this chapter, subject to all liabilities existing against such bank at the time of such reorganization; and shall immediately notify the superintendent of banks of such reorganization and transfer."

Section 9015 of said Code reads as follows:

*"Liquidation or Change to National Bank.* If any bank desires to go into voluntary liquidation or change to a national bank before the assessments provided for in this article become due and payable, such bank shall not be released from the payment of any assessments then due from it to the depositors' guaranty fund."

The only other statute relating to the change from a state bank to a national bank is found in section 8, c. 99, Laws 1925, as follows:

"If any bank desires to go into voluntary liquidation or to change to a national bank, it may do so by making the payments to said fund under the control of the depositors' advisory commission for the years 1925 and 1926 as herein provided and such payments so made shall constitute a full payment and discharge of any liability to any guaranty fund of such bank."

This act was referended and at the recent general election it was rejected by vote of the people, but that section does not disclose a legislative intent that a state bank intending to liquidate or nationalize shall be liable to the guaranty fund after the assessment for the year 1926 to be levied February 1, 1927. It will be observed that banks desiring to liquidate and banks desiring to nationalize are placed in the same category. It is also to be remembered that the liability of a bank to the depositors' guaranty fund is an annual liability based upon its average daily deposits for the year (Rev. Code 1919, § 9011), and that the bank must be a state bank and a going concern (Rev. Code 1919, § 9010). The maximum annual liability is limited to one-fourth of 1 per cent of the bank's average daily deposits. Manifestly, if a bank has no deposits, there can be no liability. Let us suppose that plaintiff bank, instead of desiring to nationalize, had desired to liquidate, and had proceeded under the provisions of section 8975, Rev. Code 1919, so that on July 1 of this year it had paid off all its depositors, had paid its 1925 assessments to the depositors' guaranty fund, and had paid or tendered 50 per cent or 6 months' portion of its 1926 assessment to the guaranty fund commission, which would be levied February 1, 1927. Could the superintendent lawfully refuse his consent to liquidation upon the ground that no provision had been made for the payment of assessments to be made February 1, 1928, and succeeding years, in order to create a fund to retire the outstanding guaranty fund certificates? It is entirely clear that he could not thus lawfully refuse. There would be no deposits upon which to base an assessment; hence there could be no liability.

[2]  Is it not just as true that when a state bank nationalizes it ceases to have deposits in a state bank and ceases to be a bank under the supervision and control of the state banking department and therefore ceases to be subject to the one-fourth of 1 per cent assessment? In the absence of a statute defining a

further or different liability on the part of a state bank desiring to nationalize from the liability of a state bank desiring to liquidate, is there any good and valid reason why the superintendent should grant permission in the latter case and not in the former? We think not. It is therefore clear that the words "proper proportion" in said section 9030 are not the equivalent of "pro rata share computed on the basis of then existing state banks and their then existing respective deposits," but that in addition to previous assessments that may be unpaid they cover and include only the liability for the current year for the levying of which assessment the time has not yet arrived. Any other view would in our opinion require us to judicially legislate a liability upon state banks which the Legislature has not made. We are therefore of the opinion that upon the facts brought forth in the record the superintendent was without justification in his refusal to grant the consent sought.

The demurrer and motion to quash will be overruled. The superintendent will be given 20 days to answer, upon default of which within that time judgment will be entered making the alternative writ peremptory.